UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SCLG-LLC, *et. al.*,

    Plaintiffs,

vs.

NICK KUNTZ,

    Defendant.

Case No. 3:15-cv-156

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFFS' MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DOC. 2) BE DENIED WITHOUT PREJUDICE AS TO LARRY EALY; (2) LARRY EALY BE ORDERED TO PAY THE REQUIRED FILING FEE OR OBTAIN WRITTEN PERMISSION FROM THE CHIEF JUDGE TO FILE THIS CASE; AND (3) PLAINTIFFS' MOTION TO PROCEED *IN FORMA PAUPERIS* (DOC. 2) BE DENIED WITH PREJUDICE AS TO SCLG-LLC**

**ORDER GRANTING SCLG-LLC THIRTY (30) DAYS FROM THE ENTRY OF THIS ORDER TO HAVE COUNSEL APPEAR ON ITS BEHALF**

---

*Pro se* Plaintiffs Larry E. Ealy ("Ealy") and SCLG-LLC filed this case in the Southern District of Indiana. Doc. 1. Because the alleged acts in the complaint took place in or near Montgomery County, Ohio, the case was transferred to this Court, prior to the resolution of the question of *in forma pauperis* status. Doc. 4. This case is now before the Court on Plaintiffs' motion for leave to proceed *in forma pauperis*.[2] Doc. 2.

Pursuant to 28 U.S.C. § 1914(a), "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350." However, "[t]o ensure access to the courts," indigent persons may "avoid payment of

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] It is unclear whether the motion was filed on behalf of Ealy, or Ealy and SCLG-LLC, because it was signed "Larry Ealy LLC," an entity not listed as a Plaintiff in this case. The undersigned, acting in the interest of justice, will proceed as if the motion was filed on behalf of both Plaintiffs.

filing fees by filing an *in forma pauperis* affidavit." *Johnson v. Cargill, Inc.*, No. 08-2052-B/V, 2008 WL 501341, at *1 (W.D. Tenn. Feb. 21, 2008); 28 U.S.C. 1915(a).  Here, however, because of Ealy's repeated, frivolous filings in this Court, Judge Dlott,[3] in a 2009 decision, "barred [Ealy] from filing any cases in this Court *in forma pauperis* without the express prior written permission of the Chief Judge unless the filing is made on his behalf by a member of the bar of this Court." *Ohio v. Ealy*, No. 3:09-cv-099, 2009 WL 1160709, at *1 (S.D. Ohio Apr. 24, 2009).  Plaintiffs filed the instant action *in forma pauperis*, on their own behalf, without written permission from Chief Judge Sargus.  Accordingly, the undersigned **RECOMMENDS** that Plaintiffs' motion to proceed *in forma pauperis* (doc. 2) be **DENIED WITHOUT PREJUDICE** as to Ealy.  Per Judge Dlott's Order, the undersigned **RECOMMENDS** that Ealy be **ORDERED** to pay the required civil filing fee or obtain written permission from Chief Judge Sargus to file this case.  Failure to do so will result in a recommendation that this case be dismissed for failure to prosecute.

SCLG-LLC is also listed as a *pro se* Plaintiff in this case.  As an initial matter, the Court notes that only natural persons -- as opposed to business entities -- can proceed *in forma pauperis*.  *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 196 (1993).  Accordingly, the undersigned **RECOMMENDS** that Plaintiffs' motion (doc. 2) be **DENIED WITH PREJUDICE** as to SCLG-LLC.  Further, business entities may appear in federal court only through a licensed attorney admitted to practice in this Court.  *See id.* at 201-02.  The undersigned, therefore, **GRANTS** SCLG-LLC **THIRTY (30) DAYS** from the entry of this Order to obtain and have counsel appear in this case on its behalf.  Failure to do so will result in a recommendation that this case be dismissed for failure to prosecute.

---

[3] Judge Dlott was Chief Judge of the Court from January 2009 to December 2014.  Judge Sargus became Chief Judge on January 1, 2015.

**IT IS SO ORDERED.**

Date:  April 30, 2015                              *s/Michael J. Newman*
                                                   Michael J. Newman
                                                   United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).