UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SCLG-LLC, *et. al.*,

    Plaintiffs,

vs.

NICK KUNTZ,

    Defendant.

Case No. 3:15-cv-156

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

## REPORT AND RECOMMENDATION[1] THAT THIS CASE BE DISMISSED FOR FAILURE TO PROSECUTE

---

*Pro se* Plaintiffs Larry E. Ealy ("Ealy") and SCLG-LLC bring this 42 U.S.C. § 1983 action against Defendant Nick Kuntz. On April 30, 2015, the Court -- recognizing that business entities may appear in federal court only through a licensed attorney, *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201-02 (1993) -- granted SCLG-LLC thirty days to obtain and have counsel appear on its behalf. Doc. 7 at PageID 23. The Court advised SCLG-LLC that failure to obtain counsel within this time frame would result in a recommendation that the case be dismissed for failure to prosecute. *Id.* To date, counsel has not entered an appearance on behalf of SCLG-LLC.

In addition, Plaintiff Ealy is barred from filing any cases in this Court *in forma pauperis* ("IFP") without the express written permission from the Chief Judge, unless the filing is made by counsel on his behalf. *Ohio v. Ealy*, No. 3:09-cv-099, 2009 WL 1160709, at *1 (S.D. Ohio Apr. 24, 2009). Accordingly, in denying his motion to proceed IFP, Judge Rose Ordered Ealy to pay the required civil filing fee or obtain written permission from Chief Judge Sargus to file this

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

case. Doc. 8. To date, Ealy has neither paid the civil filing fee nor obtained permission to file this case from Chief Judge Sargus. By so acting, Ealy has failed to prosecute this case.

For the foregoing reasons, the undersigned **RECOMMENDS** that this case be dismissed for failure to prosecute with respect to both plaintiffs. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (stating that district courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution); *Walker v. Dallman*, No. 92-3817, 1993 WL 57381, at *1 (6th Cir. Mar. 4, 1993); *see also Rowland*, 506 U.S. at 201-02.


Date:   June 3, 2015                        *s/ Michael J. Newman*
                                            Michael J. Newman
                                            United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).